```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ORLANDO ALSTON,
```
                              Plaintiff,                              **REPORT AND**
                                                                       **RECOMMENDATION**
            -against-                                   **CV 05-5672 (SJF)(ARL)**

STATE OF NEW YORK WORKERS
COMPENSATION BOARD under WCB# 00114 033,
THE HARTFORD SYRACUSE COMP CLAIM
CENTER under CI#: YAVC-02811, LIBERTY
MUTUAL GROUP under CI# WC205-267 216,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court, on referral from District Judge Sandra J. Feuerstein, are the motions to dismiss of the defendants, the Workers' Compensation Board, Hartford Casualty Insurance Company, and Liberty Mutual Group, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth herein, the undersigned recommends that the motions be granted.

## FACTUAL BACKGROUND

      The background of this case is framed by the allegations in the complaint, which will be accepted as true for the purposes of these motions. In light of the plaintiff's *pro se* status, the allegations set forth in the plaintiff's papers submitted in opposition to the motions will also be considered.[1] *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering pro se plaintiff's

---

[1] Upon receipt of the instant referral, the undersigned reviewed thirteen submissions filed by the plaintiff, but was unable to determine whether those submissions referred to the pending motions. In an effort to clarify the matter, the undersigned issued an order advising the parties that the court would not consider the thirteen submissions. Instead, the court gave the plaintiff an opportunity to resubmit opposition to each of the defendant's motions. The plaintiff was advised to identify what motion the submission was intended to oppose. Despite the court's order, the

affidavit in opposition to defendant's motion to dismiss).  The allegations do not, however, constitute findings of fact by the court.  *Culbertson v. Charosa Found. Corp.,* 2004 U.S. Dist. LEXIS 21064 at *1 n.1 (E.D.N.Y. Oct. 14, 2004)(Feuerstein, J.).

      The instant action was commenced by the plaintiff, Orlando Alston ("Alston") on December 6, 2005.  Alston was employed by STV Incorporated ("STV") in 1999.  Alston claims to have been injured on or about October 1, 1999, during his three week term of employment with STV.  Complaint at ¶ 3; see also State Court Order, annexed to Gurdus Aff. as Ex. B; Notices of Decision of Workers' Compensation Board, annexed to Gurdus Aff. as Ex. C.[2]  The plaintiff alleges that STV had a contract with the Metropolitan Transit Authority ("MTA") that provided insurance to employees of STV pursuant to an Owners Controlled Insurance Program.  Complaint at ¶ 2.  Alston further alleges that he has been mentally and physically disabled since August 9, 2001 due to a "severe Cerebral Vascular Accident." *Id.*  The record does not reflect that Alston

---

plaintiff did not submit opposition to any of the three motions.
      The court then issued an order giving the plaintiff a second opportunity to respond to the motions to dismiss.  After issuing the order, the court received an untitled letter dated November 14, 2006 from the plaintiff and an "Affidavit," which appeared to respond to the motions.  Accordingly, the court issued a third order acknowledging receipt of the two responsive documents.  The court advised the parties that the November 14th letter and affidavit would be considered in connection with the motions to dismiss, but that no further submissions would be considered.
      The plaintiff, nonetheless, in his "Affidavit," attempts to "proffer" into evidence numerous documents, including his thirteen prior submissions, letters sent to the Board predating the lawsuit, documents submitted in his 1999 federal action, and documents submitted to the state court.  In addition, the plaintiff attempts to amend his pleading to name additional plaintiffs and defendants in his affidavit in opposition.  That proffer notwithstanding, the court only relies on the defendants' submissions and the plaintiff's November 14th letter and affidavit in opposition to the motions.

     [2]The exhibits cited to in this report are referenced in the plaintiff's complaint.  *See M&T Mortgage Corp. v. White,* 2006 U.S. Dist. LEXIS 1903 * 10 (E.D.N.Y. Jan. 9, 2006)(citing *Brass v. American Film Technologies,* 987 F.2d 142, 150 (2d Cir. 1993)).

was employed by STV on August 9, 2001, the date he claims to have become disabled. *See* 7/11/05 Order of New York County Supreme Court, annexed to Gurdus Aff. As Ex. B. Thus, it is unclear whether Alston is relying on the October 1, 1999 or the August 9, 2001 accident in the instant action.

Notwithstanding the confusion surrounding the date of injury, Alston does allege that he has been deprived of workers' compensation benefits, which he claims entitlement to under the MTA contract with STV. Complaint at ¶¶ 2, 6-8. In this regard, Alston alleges that the defendants, the Workers' Compensation Board (the "Board") and two insurance companies, Hartford Casualty Insurance Company ("Hartford") and Liberty Mutual Group ("Liberty"), whose relationship to STV has not been identified, have taken part in a discriminatory scheme to deprive him of those benefits. Id. at ¶ 2.

Specifically, the complaint alleges that the Board wrongfully deprived Alston of workers' compensation entitlements and of having those entitlements prosecuted by failing to prevent the MTA from making false representations about his claim and failing to assist him in his appeal. Complaint at ¶¶ 2, 13, 14. Alston filed a claim for workers' compensation benefits with the Board, but, after several hearings, the Board denied his claim on the ground that "the medical evidence in the record was insufficient to constitute prima facie medical evidence of a work related injury because there was no accurate history of a work related accident." Memorandum of Board Panel Decision dated 7/11/05, annexed to Gurdus Aff. as Ex. C.

With respect to the defendant Liberty, the complaint alleges that Liberty is being sued for "failing to prevent and thereby aiding Plaintiff's former employer STV Incorporated's wrongful discriminatory scheme exhibited by the July 25, 2005 entry into the Supreme Court of the State of

3

New York, County of New York Index No. 401936/05 . . . a decision . . . that denies this plaintiff substantial rights(s) afforded by federal and state decisions and orders entered in related forums." Complaint at ¶ 6. The complaint further alleges that Liberty "prepared and/or caused to be prepared . . . false statements [and] false representations;" "failed to respond to the 'Board['s]' March, 2001 and corrected May 09, 2001 mailing of Notice of Indexing;" and "converted Claimant's claim before the 'Board' and concealed documentation of material fact." Complaint at ¶¶ 4, 6. Finally, Alston alleges that Liberty is being sued to "redress the deprivation pursuant to WCL Section 29(2) creation of the assignment of prosecution of the Plaintiff's 3rd party claims now before the State of New York Appellate Division First Department. . . ." Complaint at ¶¶ 3, 7.

With respect to the defendant Hartford, the plaintiff asserts that Hartford "is being sued on the identical basis as Liberty. Complaint at ¶ 11. In addition, the plaintiff alleges that Hartford "willfully . . . defraud[ed] Plaintiff out of his . . . Workers Compensation entitlements [by] prepar[ing] and/or caus[ing] to be prepared [the] Workers Compensation Law Judge['s] Notice of Decision," and that they "furnished [the Board] medical reports without due Application and Notice of Controversy without proper service [on the plaintiff]" that opposed his workers' compensation claim "in furtherance of STV Incorporated's discriminatory scheme." Complaint at ¶¶ 8, 9.

Based on these factual allegations, Alston has asserted claims against all of the defendants under 28 U.S.C. § 1343(1)(2)(3). Compl. ¶ 1; Alston letter dated 12/3/05. Although the complaint does not specify the statute under which he seeks to recover damages, Alston's cover letter filed along with his Complaint suggests that he seeks to recover under 42 U.S.C. 1985. *Id.*

4

In addition, the court addresses Alston's arguments under 42 U.S.C. § 1983 since 28 U.S.C. § 1343 is its jurisdictional counterpart. The defendants now move to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## PROCEDURAL BACKGROUND

Because Alston's complaint is based on the denial of his workers' compensation claim and the legal steps he has taken to redress that denial, Alston's litigation history, which spans eight years, is fundamental to an understanding of his claims and the arguments asserted by the defendants in these motions. Thus, the court sets forth this procedural history as part of the facts, in a manner stated most favorably to the plaintiff.

On November 2, 1999, approximately one month after his alleged accident, the plaintiff commenced an action in this court against STV Group, Inc., STV Construction Services, STV, et al., Joseph Ligammarie, the MTA & LIRR and Parsons Brinckerhoff/STV, alleging that his civil rights had been violated under 42 U.S.C. §§ 1983. Alston also sought to enjoin the defendants from terminating his employment, salary and benefits during the pendency of the action and to require them to enter grievance and dispute resolution. Judge Hurley, who was then assigned to the case, denied the request for injunctive relief. 11/19/99 Order, annexed to Gurdus Aff. as Ex. G. Thereafter, in May 2002, upon the adoption of a report and recommendation from Magistrate Judge Wall, the lawsuit was dismissed because the plaintiff had failed to comply with several court orders directing him to appear for a deposition. 5/7/02 Order, annexed to Gurdus Aff. as Ex. E.

Alston appealed the dismissal of the action to the United States Court of Appeals for the Second Circuit and moved to be assigned counsel. By Mandate dated February 20, 2003, the

Second Circuit denied the request for the appointment of counsel and affirmed the dismissal of the action finding that the appeal "lack[ed] an arguable basis in fact or law." Mandate dated 2/20/03, annexed to Gurdus Aff. as Ex. F.

During the pendency of the federal action, Alston also appears to have submitted a claim for workers' compensation benefits. Although it is not clear from the record when he first filed his claim, hearings were conducted in the matter on July 30, 2001, July 5, 2002, November 3, 2003, and November 23, 2004. Notices of Decision, annexed to Gurdus Aff. as Ex. C. Following the November 3, 2003 hearing, the Workers' Compensation Law Judge ("WCLJ") determined that "the medical evidence in the record was insufficient to constitute prima facie evidence of a work related injury." *Id.* Nonetheless, one year later, on November 23, 2004, the WCLJ reviewed additional evidence and still found no medical evidence of a work related injury. *Id.* Alston requested review of both decisions. *Id.* On April 29, 2004, the Board affirmed the WCLJ's decision entered in connection with the 2003 hearing. *Id.* On July 1, 2005, the Board then affirmed the WCLJ's 2004 decision denying Alston benefits. *Id.*

The plaintiff immediately commenced an action in New York County Supreme Court against the MTA, the MTA's counsel, Rhonda Moll, Parsons Brinkerhoff Quade, and Douglas Inc./STV Incorporated seeking injunctive and declaratory relief arising from the denial of his workers' compensation benefits. 7/11/05 Order, annexed to Gurdus Aff. as Ex. B. On July 11, 2005, the state court dismissed the action finding:

> Plaintiff tries to use this court to resurrect claims dismissed in every forum in which they were interposed.
>
> Plaintiff worked for 3 weeks when he was terminated.
>
> Plaintiff is in the wrong forum and is not entitled to any relief in the Supreme Court New York County.

6

Alston's has appealed the state court dismissal to the Appellate Division, First Department. That appeal is pending.

## DISCUSSION

Alston's complaint refers only to 28 U.S.C. § 1343(a)(1), (2), and (3), which provides:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .

28 U.S.C. § 1343 is a jurisdictional statute, and thus, does not create any substantive rights. *See Maher v. Gagne,* 448 U.S. 122, 129, n. 11 (1980). It does, however, confer federal jurisdiction for the vindication of rights provided under 42 U.S.C. §§ 1983 and 1985. The cover letter filed by Alston with his complaint suggests that Alston is only asserting a cause of action pursuant to 42 U.S.C. § 1985. However, as previously stated, given the lack of clarity in the plaintiff's papers, the court and the defendants have also addressed his claims under 42 U.S.C. § 1983.[3]

---

[3] Although the court has construed Alston's complaint to assert a violation of his constitutional rights, the court notes that to the extent Alston may be seeking to collect workers' compensation benefits in the instant action, he is barred from doing so. *See Maldonado v. State of N.Y. Workers' Comp. Bd.,* 2005 U.S. Dist. LEXIS at * 3 (W.D.N.Y. June 28, 2005)(court lacks subject matter jurisdiction to review action or inaction of Board).

Each of the defendants has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failing to state a cause of action under Fed. R. Civ. P. 12(b)(6). In addition, the defendants Hartford and Liberty have alternatively moved for a more definite statement pursuant to Fed. Civ. P. 12(e) before they are required to respond to the complaint should the action not be dismissed.

**A. The Motions Pursuant to 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When "considering a motion to dismiss under this subsection of Rule 12, the allegations of the complaint are construed in the plaintiff's favor. However, once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction." *DeNuzzo v. Yale New Haven Hospital,* 2006 U.S. Dist. LEXIS 91448 * 5 (Dist. Conn. Dec. 19, 2006)(internal citations omitted). In reaching its decision, the "court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft, L.P. v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir. 1991), *vacated for reconsideration on other grounds,* 505 U.S. 1215 (1992), *reaff'd on remand,* 999 F.2d 33 (2d Cir. 1993). With these standards in mind the court addresses the defendants' arguments under this section of Rule 12.

    1. <u>The Board's Sovereign Immunity and Eleventh Amendment Argument</u>

The Board's threshold contention is that the court lacks subject matter jurisdiction under the doctrines of sovereign and Eleventh Amendment immunity. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to

> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

In essence, the Amendment prevents non-consenting states from being sued by private individuals in federal court. *See Bd. of Tr. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). Moreover, this immunity extends to state agencies such as the Workers' Compensation Board. *See Lipofsky v. Steingut,* 86 F.3d 15 (2d Cir. 1996).

The Supreme Court has repeatedly held that absent the state's express waiver or consent or Congressional abrogation, the Eleventh Amendment bars suits brought against state agencies by its own citizens. *See Fonseca v. Columbia Gas Sys., Inc.,* 37 F. Supp. 2d 214, 231 (W.D.N.Y. 1998)(citing *Hans v. Louisiana,* 134 U.S. 1 (1890)). Here, the State of New York has not consented. Moreover, as was previously stated, 28 U.S.C. § 1343 is only a jurisdictional statute and 42 U.S.C. §§ 1983 and 1985 do not override the state's Eleventh Amendment immunity. *See Quern v. Jordon,* 440 U.S. 332, 342 (1979)(holding 42 U.S.C. § 1983 does not override Eleventh Amendment); *Bogle-Assegai v. Conn.*, 470 F.3d 498 (2d Cir. 2006)(affirming dismissal of § 1983 claims against State, Commission of Human Rights and individual defendants sued in official capacities under Eleventh Amendment); *Clissuras v. C.U.N.Y.,* 359 F.3d 79 (2d Cir. 2004), *cert. denied,* 543 U.S. 987 (affirming dismissal of claims against CUNY under 42 U.S.C. §§ 1983 and 1985 on the ground of sovereign immunity). Accordingly, the Board is entitled to sovereign immunity under the Eleventh Amendment and the claims against the Board must be dismissed. *See Maldonado v. State of N.Y. Workers' Comp. Bd.,* 2005 U.S. Dist. LEXIS 32115 (W.D.N.Y. June 28, 2005)(holding claims against Workers' Compensation Board barred by Eleventh Amendment).

2. The Defendants' Rooker-Feldman Argument

The defendants Hartford and Liberty also argue that jurisdiction is lacking in this case. They make their argument pursuant what is commonly known as the Rooker-Feldman doctrine.[4] Under Rooker-Feldman "federal district courts lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments." *Vartabedian v. Dounias,* 2006 U.S. Dist. LEXIS 94160 *10 (E.D.N.Y. May 11, 2006)(Feuerstein, J.). Specifically, the doctrine provides that "because only the United States Supreme Court may review a final decision of a state court, federal district courts do not have jurisdiction over claims that have already been decided or that are 'inextricably intertwined' with issues that have already been decided in state court." *Vartabedian v. Dobbins,* No. 03-4976 (E.D.N.Y. Feb. 5, 2004)(Sifton, J.)(Memorandum and Order dismissing complaint). However, "[t]he Rooker-Feldman doctrine is limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Vartabedian v. Dounias,* 2006 U.S. Dist. LEXIS at * 10 (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005)).

There are four requirements for the application of Rooker-Feldman. "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[] of injuries caused by [a] state-court judgment[].' Third, the plaintiff 'must invite district court review and rejection of [that] judgment[].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005). The "core requirement from which the others derive," however, is the

---

[4]The Board joins in the Rooker-Feldman argument, as well as asserting several other grounds for dismissal. The court will not address the balance of the Board's arguments since it has found that dismissal was appropriate under the Eleventh Amendment.

second requirement, that is, that the plaintiff complains of an injury caused by the state judgment. *See id.* at 87. Accordingly, the court begins its analysis with this element.

The Second Circuit in *Hoblock* has set forth the following guide for this inquiry:

> a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's action are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state court judgment that the Supreme Court can hear.

*Id.* at 88. To further explain this requirement, the *Hoblock* court included two hypothetical cases representing contrary results. In the first hypothetical, a father was barred under Rooker-Feldman from bringing a federal suit for the return of his son after a state court judgment terminated his parental rights despite the he had raised for the first time a constitutional claim in federal court. In the second example, a plaintiff who had brought a suit in state court under state anti-discrimination law and lost was not barred from bringing a suit in federal court despite the fact that he was seeking a decision that would deny the state court's conclusion. In the second example, the court noted that "[t]he fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same subject matter into an appeal." *Id.*

Here, the defendants contend that Rooker-Feldman bars the instant suit because Alston claims to have been injured by a state court decision, specifically the July 11th decision of the New York County Supreme Court. *See* 7/11/05 Order, annexed to Gurdus Aff. as Ex. B. The defendants rely on Alston's contention that they are being sued to redress the "wrongful discriminatory scheme exhibited by the Supreme Court of the State of New York, County of New

11

York Index No. 401936/05 records a decision and order that denies this Plaintiff substantial right(s) afforded by federal and state decisions and orders entered into related forums." Although the court appreciates how difficult it is to make sense of the plaintiff's allegations, the court believes that the defendants have misconstrued Alston's claim. In simplest terms, Alston was denied workers' compensation benefits and believes that the defendants participated in a scheme to deprive him of those benefits. Notwithstanding the issue of whether Alston has a viable federal claim for this relief, an issue addressed in section B, *supra,* Alston is claiming to have been injured by his former employer and the insurance company defendants, not by the state-court judgment. The state court judgment referenced in the complaint only ratified or acquiesced in the decision of the Board to deny him worker's compensation benefits.[5] Accordingly, the court finds that the instant facts have the hallmarks of the second hypothetical provided by the Second Circuit, and thus, the "injured by" requirement under Rooker-Feldman has not been met.

3. The Insurance Defendants' Statute of Limitations Argument

The defendants, Hartford and Liberty, also contend that the action must be dismissed based on the three year statute of limitations applicable to both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[6] The three year statute of limitations clearly applies to actions arising under both

---

[5]In both cases relied upon by the defendants, namely *Coleman v. Pataki,* 2006 U.S. App. LEXIS 5469 (2d Cir. Mar. 2, 2006) and *Swiatkowski v. State of New York,* 2005 U.S. App. LEXIS 27006 (2d Cir. Dec. 9, 2005), the plaintiffs were injured by the state-court judgments.

[6]The defendants have addressed the statute of limitations argument under 12(b)(1). For ease of reference, the court has set forth the defendants' arguments in the same order as they appear in the moving papers. Nonetheless, the court notes that it has only considered facts asserted in the complaint, and thus, the conclusion is consistent with 12(b)(6) standards. *See Johnson v. New York City Employees Income Ret. Sys. Pension Plan,* 2001 U.S. App. LEXIS 11001 * 2 (2d Cir. 2001)(unpublished opinion); *cert. denied,* 534 U.S. 1091 (2002)(dismissal of section 1983 and 1985 claims barred by statute of limitation pursuant to 12(b)(6))*; Ghartey v. St.*

provisions, *see Blankman v. County of Nassau,* 819 F. Supp. 198, 206 (E.D.N.Y. 1993), aff'd 14 F.3d 352 (2d Cir. 1993). Consequently, the question before the court is when the action accrued. In this regard, both defendants contend that the action accrued when Alston alleges to have become disabled, that is, on August 9, 2001. In the alternative, Hartford contends that Alston had reason to know of the injury on April 27, 2001, the date when Hartford allegedly "defraud[ed] Plaintiff out of his . . . Workers Compensation entitlements [by] prepar[ing] and/or caus[ing] to be prepared [the] Workers Compensation Law Judge['s] Notice of Decision." Complaint at ¶ 8. Similarly, the Liberty argues that Alston had reason to know of his injury in March and May of 2001 when Liberty allegedly "failed to respond to the 'Board['s]' March, 2001 and corrected May 09, 2001 mailing of Notice of Indexing." Complaint at ¶ 3.

The date of accrual is "determined by 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1156 (2d Cir. 1995)*(citing Singleton v. City of New York,* 632 F.2d 185 (2d Cir. 1980)). "Characterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy . . . does not postpone accrual of claims based on individual wrongful acts . . . . It is the wrongful act, not the conspiracy, which is actionable." *Id.* Following this guideline, August 9, 2001, the date Alston claims to have become disabled, is not the date Alston had reason to know of the injury that is the basis of his claim, that is, the denial or the scheme to deny him of his workers' compensation benefits. But, April 27, 2001 and March 2001, respectively, are dates on which Alston alleges wrongful acts occurred in furtherance of the conspiracy. Inasmuch as Alston knew

---

*John's Queens Hosp., Local 1199 Drug, Hosp. and Health Care Employees Union,* 869 F.2d 160, 162 (2d Cir. 1988).

or ought to have known of the wrong on those dates, the claim starts to run. Accordingly, the court finds that the statute of limitations began to run in April 2001, with respect to the defendant Hartford, and in March 2001, with respect to the defendant Liberty. Thus, the claims are time barred and must be dismissed against the defendants Hartford and Liberty.

**B. The Motions Pursuant to 12(b)(6)**

The defendants, Hartford and Liberty also contend that the case should be dismissed because Alston has failed to state a claim on which relief can be granted.[7] A motion to dismiss for failure to state a claim should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Culbertson,* 2004 U.S. Dist. LEXIS at *12 (quoting *Cooper v. Parksy,* 140 F.3d 433, 440 (2d Cir. 1998)). "The court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Id.* at *12-13 (citing *Koppel v. 4987 Corp.,* 167 F.3d 125, 128 (2d Cir. 1999)). Moreover, "[t]he court's task 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof'. . . . However, the Court is not required to credit conclusory statements unsupported by factual assertions of fact or legal conclusions and characterizations couched as factual allegations." *Muzio v. Inc. Vil. of Bayville*, 2006 U.S. Dist. LEXIS 1886 *9 (E.D.N.Y. Jan. 3, 2006)(Feuerstein, J.). Applying these standards, the undersigned finds that the complaint

---

[7]The defendants also argue that the plaintiff has not set forth a federal question in his complaint. In this regard, the defendants note that the complaint fails to set forth any federal law or claim for deprivation of a constitutional right; only referencing 28 U.S.C. § 1343 (a)(1)(2)(3). The defendants further argue that 28 U.S.C. § 1343 (a)(1)(2)(3) must be based on 42 U.S.C. § 1985 and that the plaintiff's section 1985 claim is too insubstantial. Although there is merit in the defendants' argument, the court believes that given the plaintiff's *pro se* status, the better course is to analyze the complaint under 12(b)(6).

should also be dismissed with respect to the defendants Hartford and Liberty for failure to state a claim upon which relief can be granted.

The court begins its analysis with the pleading requirements of civil rights claims. To state a claim pursuant to 42 U.S.C. § 1983, a party must show a deprivation of a constitutional right, privilege or immunity "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In addition, where a section 1983 conspiracy is alleged, a plaintiff must show (1) the existence of an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that agreement causing damages. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002); *Muzio v. Inc. Vil. of Bayville*, 2006 U.S. Dist. LEXIS *18.

Similarly, liability for a conspiracy to violate the civil rights laws can be established under 42 U.S.C. § 1985, but the statute creates no substantive rights. Like section 1983, it provides only a remedy for the deprivation of rights guaranteed elsewhere by the United States. *See Great Am. Fed. Sav. & Loan v. Novotny*, 442 U.S. 366, 372 (1979); *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586-87 (2d Cir. 1988). In addition, "[Section 1985(3)] is applicable only if the plaintiff can show that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action.'" *LeBlanc-Sternberg v. Fletcher,* 67 F.3d 412, 427 (2d Cir. 1995)(*citing Griffin v. Breckenridge,* 403 U.S. 88 (1971).

Here, Alston alleges that defendants have conspired with STV to deprive him of his right to a workers' compensation "claim prosecution" and settlement, thus, depriving him of receiving

15

[his] federal and state mandated entitlements. Complaint at ¶¶ 5, 11. Alston also alleges that the defendants "wrongfully converted Claimant's claim before the "Board" and concealed documentation of material fact(s) thus depriving me of due process of Board Rules and WC Law." Accordingly, Alston's claims can best be described as complaining of a due process violation, but no construction of the facts can support such a claim.

To begin with, if Alston's complaint is construed as setting forth a claim that the defendants conspired to deny him procedural due process, his claim must fail. Procedural due process is not violated "so long as the State provides a meaningful post-deprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted). The post-deprivation remedy here is clear. Pursuant to N.Y. Workers Compensation Law § 23, a party may, within thirty days after the filing of a decision of a referee (the "WCLJ"), file an application with the Board for review of the decision. In fact, Alston utilized the procedure twice, seeking review of two of the WCLJ's decisions. In addition, within thirty days of the notice of the decision of the Board, an appeal may be taken to the Appellate Division, Third Department. N.Y. Workers Compensation Law § 23. Since Alston was free to take advantage of this remedy, he cannot claim a violation of his procedural right to due process of law. Accordingly, any such claim is dismissed.

Similarly, to the extent that Alston's complaint can be construed as setting forth a claim for a denial of substantive due process, the claim must also fail. "Substantive due process protects against government action that is arbitrary, conscience-shocking or oppressive in a constitutional sense." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995). A claim for a violation of substantive due process must allege that defendants engaged in gross abuse which exists "only

where the government action challenged is so 'outrageous' and 'arbitrary' that it 'shocks the conscience.'" *Dibbs. v. Roldan*, 356 F. Supp. 2d 340, 353 (S.D.N.Y. 2005); *see also Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999). Nothing in the proceedings at issue in this litigation shocks the conscience of the court so as to support a substantive due process claim. Accordingly, any claim for the denial of substantive due process would also fail.

Moreover, Alston's claims brought under 42 U.S.C. § 1983 can only succeed if the plaintiff can show that the defendants were acting under the color of state law. *See Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006)(§1983 color of state law requirement). That is not to say that a private actor cannot be liable. If there is a "close nexus between the State and the challenged action" the actions of a private actor "may be fairly treated as that of State itself." *Brentwood Academy v. Tenn. Secondary School Athletic Assoc.,* 531 U.S. 288, 295 (2001). Alston's allegations that the Board, along with the other defendants, failed to prevent STV from succeeding in its discriminatory scheme, is insufficient to establish state action. Alston has not set forth a shred of evidence suggesting that the insurance defendants were involved in "coordinated activity," "communicated with," or "shared policies or procedures," with the Board, any of which may have supported the claim. *See Gyadu v. Hartford Insurance Company,* 197 F.3d 590 (2d Cir. 1999)(affirming district court's determination there was no state action by insurance company simply because plaintiff was denied worker's compensation benefits).

Similarly, Alston's allegations are insufficient to establish a conspiracy claim. "To establish a conspiracy claim under section 1983, a plaintiff must demonstrate (1) the existence of an agreement; (2) to act in concert to inflict an unconstitutional injury; (3) an overt act done in furtherance of that agreement; and (4) damages resulting therefrom." *Muzio v. Inc. Vil. of*

*Bayville*, 2006 U.S. Dist. LEXIS *18. Moreover, "[c]laims alleging conspiracies to violate civil rights are held to a heightened pleading standard." *Brewster v. Nassau County,* 349 F. Supp. 2d 540, 547 (E.D.N.Y. 1994). Here, Alston's allegations that the insurance defendants (1) acted "in furtherance of [his] former employers discriminatory scheme," (2) or that they somehow caused his former employer to make false representations or conceal that it could not secure the payment of workers' compensation benefits for him, (3) or that they submitted medical records to the Board, or (4) that they failed to prevent his employers' discriminatory scheme, are all insufficient to support this claim. *See* Complaint at ¶¶ 2,4-6, 9-11. A complaint that contains only conclusory, vague or general allegations and does not set forth any details as to the time and place of the purported conspiracy cannot withstand a motion to dismiss. *Muzio v. Inc. Vil. of Bayville*, 2006 U.S. Dist. LEXIS *18.

For the same reason, Alston's claim under 42 U.S.C. § 1985 must fail. Alston supports his section 1985 claim by simply stating that the parties have conspired to deprive him of entitlements. The Second Circuit has repeatedly held that a "complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Id.* at 591 (finding plaintiff had failed to raise federal question under section 1985). Alston's complaint contains "no allegations that defendants' challenged actions were based on race or any other invidious classification," and thus, his claim under 42 U.S.C. § 1985(3) must also be dismissed. *Johnson v. Washington Mutual Bank,* 2007 U.S. App. LEXIS 2553 (2d Cir. Feb. 2, 2007).

For these reasons, the undersigned recommends that the complaint against defendant Liberty and Hartford be dismissed for failure to state a claim pursuant to 12(b)(6).

**D. The Motions Pursuant to 12(e)**

Having determined that dismissal is warranted pursuant to Fed. R. Civ. P. 12 (b)(1) and 12 (b)(6), the court need not address Hartford's and Liberty's 12(e) arguments.

## OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 12, 2007

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge