UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ORLANDO ALSTON,

        Plaintiff,

  -against-                              **OPINION AND ORDER**
                                            05-CV-5672 (SJF) (ARL)

STATE OF NEW YORK WORKERS'
COMPENSATION BOARD under WCB# 00114 033,
THE HARTFORD SYRACUSE COMP CLAIM
CENTER under CI#: YAVC-02811, LIBERTY
MUTUAL GROUP under CI# WC205-267 216,

        Defendants.
------------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

Before the Court are objections[1] by *pro se* plaintiff Orlando Alston ("Plaintiff") to a Report and Recommendation of United States Magistrate Judge Arlene R. Lindsay dated February 12, 2007 (the "Report"). The Report recommends that Plaintiff's claims against defendants Hartford Casualty Insurance Company and Liberty Mutual Group be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1) and 12 (b)(6) and that Plaintiff's claims against defendant New York State Workers' Compensation Board be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1). For the reasons stated below, I adopt Magistrate Judge Lindsay's Report in its entirety.

---

[1] Plaintiff's submission included a five (5) page cover letter and a twelve (12) page document entitled "PLT LTR App: 34 - Enclosure 1 Statement of Material Facts in Support of Reconsideration of Magistrate Judge Lindsay's February 12, 2007 Report and Recommendation(s)." The Court will treat this submission as Plaintiff's objections.

1

II.   Analysis

A district judge may designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for the disposition by a district judge of a motion to dismiss.  28 U.S.C. § 636(b)(1)(B).  Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P. 72(b).  Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Whether or not proper objections have been filed, a district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district judge, however, is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Pursuant to 28 U.S.C. § 636(b), the Court assigned this case to Magistrate Judge Lindsay for the purpose of obtaining a report and recommendation to aid the Court in its decision of this matter.  Magistrate Judge's Lindsay's decision is advisory, and the final order will be issued by this Court after *de novo* review of the Report.  Section 636(b)(1) of Title 28 of the U.S. Code explicitly authorizes a judge to designate a magistrate judge to "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1). See Clemmons v. Veterans Admin., No. 85-C-3444, 1990 WL 141954, *1 (E.D.N.Y. Sept. 13, 1990).  As such, the referral of this case to Magistrate Judge Lindsay was well within the discretion and authority of this Court, and Plaintiff's objection to the referral is overruled.

2

Plaintiff objects to the Report claiming, *inter alia*, that: (1) defendants' motions are "frivolous motions made in furtherance of the 'TEC' designed and implemented fraudulent practices and discriminatory schemes;" (2) defendants have defaulted in responding to Plaintiff's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings dated February 2, 2007, and therefore, defendants' defenses are frivolous; (3) the Report "fails to review and reconcile the technical specifications mandated within the US Department of Transportations [DOT] Federal Highway Administrations [FHWA] Guide to FHWA Funded Wrap-Up Projects . . . .;" (4) the Report fails to take the "LIRR technical support services resources" into consideration; (5) the New York State Workers' Compensation Board has impliedly or constructively waived its immunity; (6) because Plaintiff is temporarily mentally disabled, 28 U.S.C. § 2401(a) entitles him to relief from all adverse decisions "in all claims and disputes resolutions forums" and also grants him a three (3) year extension of the statute of limitations for such claims; (7) the Report pleads defenses that defendants do not have; (8) factual issues must be resolved prior to further consideration of the defendants' motions to dismiss; (9) Magistrate Judge Lindsay failed to consider all of Plaintiff's documents and evidence; (10) because he is *pro se* the Court's individual motion practice procedures operate to require that, in the absence of the Clerk's documented instructions to the contrary, "all plaintiff[']s requests become affirmed as a matter of Law and must be enforced by the Court subject to reversal by a FTA request or pursuant arguments before a jury;" and (11) Plaintiff is entitled to a jury trial.

Upon a *de novo* review of the Report, and upon careful consideration of Plaintiff's

objections,[2] I hereby overrule Plaintiff's objections, and ACCEPT AND ADOPT as an Order of the Court the Report in its entirety.[3]

Finally, since the onset of this litigation on December 6, 2005, Plaintiff has inundated this Court with over sixty (60) submissions styled as letters, briefs, motions, affidavits, and proffers. The vast majority of these submissions are incoherent and virtually unintelligible. Nevertheless, for the sake of completeness, in reviewing Magistrate Judge Lindsay's Report, the Court has reviewed and re-reviewed these submissions. Upon review, the Court can find no submission by Plaintiff that would call into question Magistrate Judge Lindsay's recommendation that defendants' motions to dismiss be granted. Further, to the extent these voluminous submissions attempt to require defendants to respond further to the allegations in Plaintiff's complaint or seek additional or further relief from this Court, Plaintiff's request is denied.[4]

III.   Further Filings

Plaintiff is hereby ordered to show cause in writing, by **March 26, 2007**, why he should not be precluded from submitting further papers in this case and filing future lawsuits in this Court without first obtaining leave of the Court. See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998).

---

[2] Plaintiff's request for an extension of time to "object in detail" is denied. Plaintiff has submitted a five (5) page letter and a twelve (12) page brief setting forth his objections which are sufficiently detailed to permit determination.

[3] Plaintiff's reliance on 28 U.S.C. § 2401(a) is misplaced. Section 2401(a) applies only to civil actions commenced against the United States. Plaintiff has not sued the United States.

[4] To the extent Plaintiff seeks vacatur, pursuant to Fed. R. Civ. P. 60(b)(6), of any of Judge Hurley's decisions in Case 99-CV-7186, these motions are not properly before this Court.

IV.     Conclusion

For the reasons set forth above, defendants' motions to dismiss the complaint are GRANTED.  The action is dismissed.  The Clerk of the Court is directed to close the case.


IT IS SO ORDERED.



S/sjf                                   

Sandra J. Feuerstein
United States District Judge


Dated: March 9, 2007
Central Islip, New York

Copies to:

Orlando Alston
289 Stewart Avenue
Hempstead, NY 11550

Ralph Pernick
New York State Attorney General
200 Old County Road, Suite 460
Mineola, NY 11545-1403

Jason Brian Gurdus
Rivkin Radler LLP
EAB Plaza
Uniondale, NY 11556-0111

Judith E. Held
STV Group
225 Park Avenue South
New York, NY 10003